Filed 7/30/21  P. v. Larrea CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081268 |
| Plaintiff and Respondent, | (Super. Ct. No. BF131238A) |
| v. | |
| MILANI CALBERTA LARREA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from an order of the Superior Court of Kern County.  John W. Lua, Judge.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Poochigian, Acting P.J., Peña, J. and DeSantos, J.

## INTRODUCTION

In 2012, a jury convicted defendant Milani Calberta Larrea of first degree murder and residential robbery and found true a felony-murder-robbery special-circumstance allegation pursuant to Penal Code section 190.2, subd. (a)(17)(A). (Undesignated statutory references are to the Penal Code.) After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a section 1170.95 petition for resentencing. The People opposed the petition. The court denied the petition, concluding defendant had not established a prima facie showing she was eligible for relief in light of the true finding on the special circumstance allegation and because the record established she was the actual killer. Defendant appeals from the court's denial of her petition. She asserts her petition was facially sufficient to establish she fell within the provisions of section 1170.95 and the court erred in considering the record of conviction before issuing an order to show cause. She further contends the record of conviction did not establish she was categorically ineligible for relief.

We conclude the record establishes defendant is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

In 2012, a jury convicted defendant of first degree murder (§ 187; count 1) with a special circumstance that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subdivision (a)(17)(A)); and residential robbery (§ 212.5, subd. (a); count 2). The court sentenced defendant to life imprisonment without the possibility of parole. Our court affirmed defendant's conviction in an unpublished opinion. (*People v. Larrea* (Nov. 14, 2014, F066300) [2014 Cal.App.Unpub. Lexis 8145; 2014 WL 6298334].)

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95 using a preprinted form. She checked boxes stating that a charging document had been filed against her allowing the prosecution to proceed under a felony-murder theory or the

natural and probable consequences doctrine; at trial, she was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and she could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). She also checked a box indicating she was convicted of first degree murder but could not now be convicted because she was not the actual killer, she did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and she was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. She also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process." The court appointed defendant counsel and the parties proceeded to file briefing.

In their response, the People moved to dismiss the petition, arguing Senate Bill 1437 is unconstitutional. They also filed a separate response arguing the petition failed on the merits because the jury's verdict, including the true finding on the special circumstance allegation, rendered defendant ineligible for relief. The People argued defendant was a major participant who acted with reckless indifference and she was an actual killer based on the language in our appellate opinion from her direct appeal, which concluded substantial evidence supported a conclusion she proximately caused the victim's death. The court denied the People's motion to dismiss, concluding Senate Bill 1437 is constitutional.

The court set the petition for a hearing and, after hearing arguments from counsel, the court held defendant was ineligible for relief. It noted it considered the record of conviction, including the charging document, jury instructions, verdict form, and this court's opinion on direct appeal. It held those records established defendant was convicted of robbery and first degree murder with the special circumstance that the murder was committed during the course of a robbery. It explained, to render a true

3.

finding on the special circumstance, the jury had to conclude defendant was a major participant in the robbery and, when she committed the crime, she acted with reckless indifference to human life. The court stated, "These are factual findings the jury had to have made based on the evidence presented at the trial." Accordingly, the court stated it would accept those findings previously made by the jury. The court further stated:

> "Based on the evidence presented at the trial and specifically referring to the appellate opinion so as not to weigh or determine credibility, but only to understand the issues raised on appeal, there was evidence to support the proposition that the defendant was an actual killer in this case and that her actions proximately caused the victim's death. Her conduct, it was found, led to and became a substantial factor of the victim's death. As an actual killer, [defendant] would likewise be ineligible for relief under … Section 1170.95.

> "It is for those reasons, therefore, that this Court is going to find [defendant] is ineligible for the relief sought and her petition, therefore, is dismissed.}

## DISCUSSION

### I.     Senate Bill 1437 and Section 1170.95

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with

malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime.*" (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).) An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because

of changes to Section 188 or 189 made effective January 1, 2019."
(§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid*.)

## II.    Analysis

Defendant contends the trial court erred by consulting the record of conviction, which was not to be considered at the prima facie showing stage. Alternatively, she argues even "if the record of conviction may be consulted, only matters necessarily adjudicated by the trial or appeal may be consulted." She asserts the recital of evidence in an appellate court opinion may not be used as a basis for the court to deny a facially sufficient petition and that nothing in the record rendered her ineligible for relief as a matter of law. She further argues the conclusion in our court's prior opinion that there was sufficient evidence to support the jury's conclusion defendant aided in the binding of the victim and that her acts proximately caused the victim's death did not establish she was the actual killer as a matter of law. Defendant further contends the special circumstance finding did not render her ineligible for resentencing as a matter of law. In support, she relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after defendant's conviction. She argues these decisions by the California Supreme Court "significantly narrowed" what it means to be a major participant who acted with reckless indifference, and the jury's true findings were "not guided by these refinements because they did not exist" at the time of her trial. She asserts "[a] true finding under the old standards is not a finding under the new standards." The People concede the record of conviction does not establish defendant was an actual killer as a matter of law. However, they assert the jury's special circumstance finding rendered defendant categorically ineligible for relief. We agree the

6.

jury's true finding on the felony-murder-robbery special-circumstance enhancement rendered defendant ineligible for relief as a matter of law. Thus, the court did not err in denying defendant's petition, nor was defendant prejudiced by the lack of an order to show cause.

First, the California Supreme Court just affirmed that a trial court "may look at the record of conviction after the appointment of counsel to determine if a petitioner has made a prima facie case for section 1170.95 relief." (*People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __, __ [2021 Cal. Lexis 5258 at p. *30].) However, the *Lewis* court noted, "the prima facie inquiry under subdivision (c) is limited." (*Ibid.*) "Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Lewis*, at pp. __ [2021 Cal. Lexis 5258 at pp. *30–*31.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id.* at p. __ [2021 Cal. Lexis at p. *31].) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid.*)

Here, the record of defendant's conviction established she was categorically ineligible for relief as a matter of law based on the jury's felony-murder special-circumstance finding. That is, section 189, as amended by Senate Bill 1437, now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved. Among such circumstances, a felony-murder conviction is permissible if the defendant was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (§ 189, subd. (e).) And here, the jury found true felony-murder special

7.

circumstance allegations pursuant to section 190.2, subdivision (a)(17)(A), which impose sentences of death or life without the possibility of parole for a murder committed during the commission, or attempted commission, of an arson or burglary. (§ 190.2, subd. (a)(17)(A).) To make such findings, the jury was required to find that petitioner acted "with reckless indifference to human life and as a major participant" in aiding or abetting the commission of the underlying felonies. (§ 190.2, subd. (d); *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) Thus, by finding the special circumstance allegation true, the jury made the requisite findings necessary to sustain felony-murder convictions under the amended law. Defendant is therefore ineligible for resentencing under section 1170.95 as a matter of law.

In so holding, we note after defendant was convicted, "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.'"' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5 (*Gomez*), review granted Oct. 14, 2020, S264033.) And Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law. (See *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 (*Jones*) [collecting cases], review granted Jan. 27, 2021, S265854.) Our Supreme Court has granted review to decide the issue. (*People v. Strong* (Dec. 18, 2020, C091162), review granted Mar. 10, 2021, S266606 [2020 Cal.App.Unpub. Lexis 8505; 2020 WL 7417057].)

However, our court has previously held we find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law. (*People v.*

*Simmons* (2021) 65 Cal.App.5th 739, 749; accord, *Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) And defendant does not persuade us to depart from our previous reasoning.

*Banks* and *Clark* did not state a new rule of law. (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749.) Rather, they relied upon the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 (*Enmund*) and *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*) to clarify principles that had long been in existence at the time those defendants were convicted. (*Ibid.*; accord, *In re Miller* (2017) 14 Cal.App.5th 960, 978; *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant who "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, *supra*, at pp. 795, 797.) *Tison* held that "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, *supra*, at p. 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Enmund* and *Tison.* (See *Banks*, *supra*, at pp. 801–803; *Clark*, *supra*, 63 Cal.4th at pp. 615, 618–623.) These principles existed when defendant was convicted and, absent a determination on direct appeal or in a habeas corpus proceeding that the evidence was insufficient to support the jury's finding, there is no basis to conclude defendant's jury applied different standards than those described in *Banks* and *Clark.*

Defendant argues the jury must be instructed on the *Banks* and *Clark* factors if the jury's factual findings of major participant and reckless indifference are to be meaningful. However, the pattern jury instruction regarding major participation and reckless indifference remains the same as it was before *Banks* and *Clark*. (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; accord, CALCRIM No. 703; *Gomez*, *supra*, 52 Cal.App.5th at p. 14, fn. 6 [setting forth language of CALCRIM No. 703 before and after *Banks* and *Clark*], review granted; *People v. Nunez*, *supra*, 57 Cal.App.5th at p. 94 [finding "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards], review granted.) Though this instruction now includes *optional* language suggested by the *Banks* and *Clark* decisions, the bench notes to the instruction state that *Banks* "stopped short of holding that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors." (Bench Notes to CALCRIM No. 703 (2021 ed.) p. 477; see *Gomez*, *supra*, at p. 14, fn. 6.) Thus, we cannot conclude, as defendant suggests, that such instructions are required for a jury's felony-murder special-circumstance finding to be valid.

Rather, we conclude defendant is categorically ineligible for relief as a matter of law based on the jury's special circumstance finding. Thus, the trial court did not err in denying defendant's petition without issuing an order to show cause and holding an evidentiary hearing.

## DISPOSITION

The court's order denying defendant's petition for resentencing is affirmed.